UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CIV-80889-ALTMAN/Reinhart

ELI REISMAN, individually and on behalf of others similarly situated,
Plaintiff(s),
v.
PELICAN INVESTMENT HOLDINGS GROUP, LLC, a Delaware Limited Liability Corporation d/b/a AAP,
Defendant(s).
_____/

| | |
|---|---|
| Seth Lehrman, Esquire | Jason S. Weiss, Esquire |
| Edwards Pottinger LLC | Weiss Law Group, P.A. |
| 425 North Andrews Avenue, Suite 2 | 5531 N. University Drive, Suite 103 |
| Ft. Lauderdale, FL 33301 | Coral Springs, FL 33067 |
| Email: seth@epllc.com; | Email: Jason@jswlawyer.com; |
| iris@epllc.com | shameka@jswlawyer.com |

## NOTICE OF MEDIATION

**YOU ARE HEREBY NOTIFIED,** pursuant to the agreement of the parties and the provisions of Florida Statutes Chapter 44, that a Mediation Conference has been scheduled as follows:

*Mediator:* **Steven R. Jaffe**
*Mediation Date:* **December 8, 2021**
*Mediation Time:* **9:00 a.m.**
*Mediation Location:* **Zoom Video Conference**
*Time Reserved:* **4.00 Hours**
_____
The terms and provisions of the confirmation letter accompanying this Notice of Mediation are hereby incorporated by reference into this Notice of Mediation.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled to the provision of certain assistance at no cost to you. Please contact the ADA Coordinator in the Administrative office of Upchurch Watson White & Max, 125 S. Palmetto Avenue, Daytona Beach, FL 32114, Telephone 386-253-1560 or 800-264-2622, within two (2) working days of receipt of this Notice of Mediation.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Notice of Mediation has been served by e-mail to the above named addressees on Tuesday, July 27, 2021.

UPCHURCH WATSON WHITE & MAX
Royal Palm at Southpointe
900 South Pine Island Road, Suite 410
Plantation, FL 33324
Phone: 954-423-8856 / Fax: 954-334-2838
Toll Free: 800-863-1462
Website: www.uww-adr.com

BY:
**/s/ Steven R. Jaffe**
**Mediator # 35295R**
**FL BAR No. 390770**

SOUTH FLORIDA ◆ SOUTHEAST ◆ UNITED STATES
Toll Free: 800-863-1462
Direct: 954-423-8856
E-mail: sjaffe@uww-adr.com
Website: www.uww-adr.com

**MEDIATION COMMUNICATION – STRICTLY CONFIDENTIAL**

VIA EMAIL

Re: **Reisman vs. Pelican Investment Holdings**
**Our File No: 21SRJ-379**

Dear Attorneys:

This letter sets forth the terms upon which Upchurch Watson White & Max has agreed to provide mediation services on behalf of the parties to this action or proceeding. It is your request that **Steven Jaffe** provide the mediation services to be rendered under this agreement.

1. <u>Schedule.</u> The mediation services have been scheduled as indicated in the Notice of Mediation accompanying this confirmation letter.

    Mr. Jaffe strongly encourages all parties, representatives, insurers or others having an interest in the negotiations to be present at the mediation on the scheduled date.

    In light of the complexities of the issues involved, Mr. Jaffe strongly suggests engaging counsel in pre-mediation attorney caucuses. Should you wish to contact me in this regards, please do not hesitate. hcohen@uww-adr.com.

2. **Conduct of Mediation**. Unless otherwise agreed by the parties or ordered by the presiding judge, the mediation will be conducted in accordance with *Fla.R.Civ.P.* 1.700 – 1.730, and Chapter 44, *Florida Statutes*, including all included protections of privilege, confidentiality and immunity. If a Stipulation to Mediate is executed by the parties, the terms of this engagement should be incorporated by reference and be considered controlling. In the event an order of mediation is entered by the Court, this agreement shall constitute your waiver of any terms of the order that are inconsistent herewith, and shall further constitute your specific acceptance of the terms set forth herein.

3. **Submissions**. Mr. Jaffe will review all relevant documents in the case and such other materials as you may regard as relevant. **We request that you ==e-mail== a case summary to Steve Jaffe at sjaffe@uww-adr.com and Heidi Cohen at hcohen@uww-adr.com as soon as possible**, or within 10 days prior to the mediation. We encourage that all case summaries be exchanged with opposing counsel. Any confidential communication to Mr. Jaffe may be made through a confidential addendum. (A suggested case summary outline is located below). <u>When sending hard copies, please contact our office for the best physical mailing address.</u>

4. **Mediation Fees and Costs (if any)**. The fees for mediation services will be invoiced at the hourly rate of **$500** to be divided equally between each party who participate in the mediation process, or as otherwise agreed. This hourly rate will be applied to all services rendered by Mr. Jaffe including coordination, pre-mediation caucuses, preparation, and conduct of the mediation to include travel time and costs thereof,(when outside the Miami-Dade/Broward/Palm Beach Counties area) together with post mediation services rendered. When outside the Miami-Dade/Broward/Palm Beach Counties area other expenses associated with the mediation may include airfare, hotel, ground transportation and meals. **Due to the demands on Mr. Jaffe's calendar within and outside the State of Florida, the minimum charge for half-day mediation services shall be no less than four (4) hours per day. For cases scheduled for the full day, or more than 4 hours, there is an eight (8) hour minimum charge.**

   **Class/Mass Actions - Mediation Fees** The fees for mediation services will be invoiced at a day rate of $6,000 to be divided equally between the parties who participate in the mediation process, or as otherwise agreed. Mass actions are those mediations having in excess of ten (10) claimants. The day rate will include all services rendered by Mr. Jaffe including coordination, pre-mediation caucuses, preparation, and conduct of the mediation not to exceed a 10 hour mediation day. Travel time and other expenses associated with the mediation travel, which may include airfare, hotel, ground transportation and meals, will be billed separately. Post mediation services will be invoiced at the hourly rate of $600 to be divided equally between the parties who participate in the mediation process, or as otherwise agreed.

5. **Fee Allocation**. Unless otherwise directed, the total fees and incurred costs will be allocated equally between the parties who participate in the mediation process. A detailed invoice will be submitted to each party following the conclusion of the mediation covering all time and costs expended in connection with the engagement as of the invoice date. All invoices and payables are due upon receipt. Follow-up work performed after the mediation session may be billed by separate invoice.

6. **Cancellation Policy**. Cancellations of all-day cases place an undue burden upon the mediator. Therefore, we must receive at least a 10 day notice in order to avoid an 8-hour cancellation charge. All 4-hour cases cancelled less than 3 business days prior to the mediation are also subject to a cancellation charge of 50% of the time reserved for the mediation. THESE CHARGES ALSO APPLY TO SETTLED CASES. PLEASE FACTOR THIS IN WHEN SETTLING YOUR CASE WITHIN THE CANCELLATION PERIOD.

7. **Responsibility for Mediation Fee**. While it is understood that our invoice may be subject to reimbursement from your client, or even forwarded to your client for direct payment, please understand this engagement has been accepted in reliance upon our relationship with you and your firm. In other words, Upchurch Watson White & Max is extending credit to your law firm, and not to your client. Should your firm <u>not</u> agree to assure payment, please advise us in writing no less than ten (10) days before the mediation,

        together with the name and contact information of the financially responsible client representative, in order that we may invoice directly for a security deposit.

8. **Preparation of documents**.  On occasion, Mr. Jaffe's mediation services may include the preparation of written summaries of interim or final agreements reached during the mediation process. All such documentation is subject to full review, editing and approval by both the parties and their counsel.  By accepting the terms of this engagement, counsel and their parties hereby agree that such services as may be rendered by Mr. Jaffe shall not be considered the practice of law or in any representative capacity to any party involved in this mediation.

If you have any questions concerning these arrangements, please contact me immediately.

We appreciate the opportunity to serve each of you, and we look forward to assisting you in the negotiated resolution of this matter.

        Sincerely,
        **UPCHURCH WATSON WHITE & MAX**


        /s/ Heidi Cohen
        Mediation Coordinator

## SUGGESTED CONTENTS AND CONSIDERATIONS
## FOR POSITION STATEMENTS

- A brief recitation of the facts that gave rise to the litigation.

- The present posture of the case (any matters pending in court or in any related litigation).

- Any recent developments that may impact on the resolution of the case.

- The history of any efforts to settle the case including any prior offers or demands.

- A summary of the parties' legal positions and a candid assessment of their respective strengths and weaknesses.

- Identification of parties, representatives and counsel who will be directly involved in the mediation discussions; and a confirmation of their authority to settle the case.

- Description of any sensitive issues that may influence any settlement negotiations.

- The nature and extent of any prior or future relationship between the parties that may affect the mediation.

- The negotiating strategy of the parties and counsel.

- Any suggested approach you would like me, as your mediator, to take in an attempt to settle the case.

- Any creative solutions.

**NOTE:**  While I urge that the position statement be shared with your opposition (the more your opposition understands about your position, the better able your opposition will be able to negotiate with you), you may make your statement confidential in whole or in part, at your discretion.  I would suggest that to the extent that you wish to make a portion of your statement confidential, you present it to me in a "blind p.s.".

Reisman vs. Pelican Investment Holdings
**Our File No. : 21SRJ-379          Date: December 8, 2021**

**MEDIATION CONFIDENTIALITY AGREEMENT**

The above-styled case is in mediation for the purpose of attempting to achieve resolution. During the period of this mediation (which period includes commencement, preparation, conduct and post-mediation efforts) all communications and exchanges of information whether verbal or in writing shall be and remain confidential. Said communications shall be inadmissible in a court of law and at no time disclosed to judge, jury, or any appellate court.

This Mediation Confidentiality Agreement shall remain in effect regardless of the termination of the mediation. To the extent that any party wishes to terminate their participation while others continue the mediation process, said terminating party shall be excluded from any communications while mediation communications continue under the terms of this agreement. Once the mediation is terminated in full, this Mediation Confidentiality Agreement shall continue to protect all communications made from the commencement of the mediation through the date of said termination.

The above terms and conditions are agreed upon by all parties and their counsel as evidence below by the execution of this agreement.

Done and Agreed: December 8, 2021.

| Sign: _____ | Sign: _____ |
|---|---|
| Print Name: _____ | Print Name: _____ |
| Email Address: _____ | Email Address: _____ |
| Sign: _____ | Sign: _____ |
| Print Name: _____ | Print Name: _____ |
| Email Address: _____ | Email Address: _____ |
| Sign: _____ | Sign: _____ |
| Print Name: _____ | Print Name: _____ |
| Email Address: _____ | Email Address: _____ |