IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:21-cv-80889-RKA

ELI REISMAN, individually and on behalf of all others similarly situated,

          Plaintiff,

v.

PELICAN INVESTMENT HOLDINGS GROUP, LLC, a Delaware Limited Liability Corporation, d/b/a AAP,

          Defendant.

**DEFENDANT, PELICAN INVESTMENT HOLDINGS GROUP, LLC D/B/A AAP'S, REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF, ELI REISMAN'S, FIRST AMENDED CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ACTION ALLEGATIONS**

Defendant, Pelican Investment Holdings Group, LLC d/b/a AAP ("Defendant"), by and through undersigned counsel, hereby submits this Reply in Support of Motion to Dismiss ("Reply") Plaintiff, Eli Reisman's ("Plaintiff"), First Amended Class Action Complaint ("Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion to Strike the class action allegations contained therein ("Motion to Strike") under Federal Rules of Civil Procedure 12(f) and 23. In support thereof Defendant states as follows:

### I. INTRODUCTION.

Plaintiff's Response in Opposition to the Motion to Dismiss and Motion to Strike ("Opposition" or "Opp."), fails to cure the substantive defects of the Amended Complaint and serves only to muddy the waters and attempt to conceal the pleading deficiencies contained therein. *See* Opp. generally [D.E. 29].

The Opposition makes creative arguments regarding minimum pleading standards, class certifications and other procedural matters. However, Plaintiff's entire argument, like any other pleading, is contingent upon factual assertions that are necessary to establish a *prima facie* case.

Defendant's complete and thorough argument is contained within the Motion to Dismiss and Motion to Strike ("Motion") and as a matter of judicial efficiency, the assertions contained within the Motion will not be completely restated herein and Defendant will only provide a brief summary of relevant issues supporting the Motion and address a few points of contention contained in the Opposition.

II. REPLY MEMORANDUM.

    A. MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).

Despite Plaintiff's claim that, "Plaintiff has provided a statement of the claim which plead the particular facts which demonstrate his entitlement to relief and provide Defendant with notice of the subject claims [*sic*]," *see* Opp. page 5 [D.E. 29], the sufficient factual assertions are simply not there. "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Id.* at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,

a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

Similar to the Amended Complaint, the Opposition is based solely upon conclusory and speculative allegations regarding Defendant and its purported involvement with the alleged callers. By Plaintiff's own admission, "… Plaintiff has alleged that either AAP directly placed the calls or that the calls were placed on its behalf by its agents." *See* Opp. page 10 [D.E. 29] (*citing* Amended Complaint ¶ 10 [D.E. 12]). Plaintiff alleges, "either defendant placed the subject calls or its vendor placed the calls on its behalf." *See* Opp. page 10 [D.E. 29]. It is unclear if Plaintiff is alleging direct or vicarious liability against Defendant. Additionally, Plaintiff fails to provide any factual basis for the aforementioned allegations that the alleged telephone calls were made by Defendant or came at the direction of Defendant. *See* Opp. generally [D.E. 29]. Furthermore, Plaintiff continues to make the illogical leap that all of the alleged calls must have been made on behalf of Defendant simply because he alleges that the last call was made on its behalf. *See* Opp. pages 3 – 5 [D.E. 29].

As can be seen from the above, the Amended Complaint and the Opposition are both completely devoid of any sufficient factual allegations to support imputing liability against Defendant. *See* Opp. generally [D.E. 29]; *see also* Amended Complaint generally [D.E. 12]. "Factual allegations must be enough to raise a right to relief above the speculative level…" *Id.* at 555 (internal citation omitted). Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the…law[] in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's

3

liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly, 550 U.S. at 557*).  Accordingly, the Amended Complaint and the Opposition fail to set forth the ultimate facts with sufficient clarity to allow Defendant to fully understand the specific actions against it, to provide an intelligent answer and to formulate a proper defense.  Therefore, the Amended Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### B. PLAINTIFF'S CONTENTIONS REGARDING DEFENDANT'S INITIAL DISCLOSURES ARE OUTSIDE OF THE SCOPE OF THE AMENDED COMPLAINT AND THE MOTION.

Plaintiff requests that the Court compel Defendant to provide additional Discovery information and attaches Defendant's Initial Disclosures to the Opposition.  *See* Opp. page 5 and its attached Exhibit "A" [D.E. 29].  "On a motion to dismiss for failure to state a claim, the 'court is generally limited to reviewing what is within the four corners of the complaint.'" *Neurosurgical Consultants of S. Fla., LLC v. Cigna Health & Life Ins. Co.*, No. 20-81908-CIV, 2021 WL 1238386, at *1 (S.D. Fla. Mar. 3, 2021) (*quoting Hayes v. U.S. Bank Nat'l Ass'n,* 648 F. App'x 883, 887 (11th Cir. 2016); *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006)).  An exception to this rule applies if an attached document is "referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Id.* (*quoting Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018)).

Any alleged concerns with Defendant's Initial Disclosures is clearly a discovery matter.  Defendant's Initial Disclosures is not specifically referenced in the Amended Complaint (or the Motion), *see* Amended Complaint generally [D.E. 12], and clearly falls outside the scope of the four corners of the Amended Complaint.  Therefore, the Court must decline to consider it as a matter of law.

### C. MOTION TO STRIKE CLASS ALLEGATIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(F) AND 23.

Plaintiff claims that, "Defendant's request that the Court strike class allegations under Rules 12(f) and 23 is a premature attempt to oppose class certification that is procedurally unsound." *See* Opp. page 5 [D.E. 29]. This Court may strike Plaintiff's request to certify the proposed class solely on the basis of what is alleged in the Amended Complaint, and before Plaintiff is permitted to complete discovery, on questions relevant to class certification. This may be done if the Court determines that it will be impossible to certify the proposed classes regardless of the facts that Plaintiff may be able to prove. *Romano v. Motorola, Inc.*, No. 07-CIV-60517, 2007 WL 4199781, at *2 (S.D. Fla. Nov. 26, 2007). Moreover, "[t]he class action is an 'exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (*quoting Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979)).

Plaintiff's proposed class definitions should be stricken because they are facially overbroad, and the proposed class is uncertifiable. Specifically, Plaintiff fails to exclude persons that: (1) consented to be called (i.e., provided "prior express invitation or permission"), (2) have an "established business relationship" with Defendant, or (3) did not use their phone for "residential" purposes. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2), 64.1200(f)(5) & 64.1200(f)(14) (no DNC violation for calls made with the "prior express invitation or permission" of recipient or where recipient has an "established business relationship" with the caller); *see also Licari Family Chiropractic Inc. v. eClinical Works, LLC*, 2019 WL 7423551, at *3–5 (M.D. Fla. Sept. 16, 2019) (denying class certification in a Telephone Consumer Protection Act ("TCPA") case where the proposed class did not exclude individuals who solicited the fax in question and therefore had no claim).

Additionally, Plaintiff expressly consented and opted-in to being contacted at the number ending in 8097 under the false identification of Melvin Kahn, in order to bring this lawsuit. This legal issue surrounding express consent under false pretenses is unique to Plaintiff and will undoubtedly become the primary focus of the litigation because it is a complete defense to Plaintiff's TCPA claims. As such, Plaintiff is atypical of the proposed class members because his TCPA claims are based upon the validity of his expressly provided consent under the above described false pretenses. Accordingly, class certification must be denied because Plaintiff is atypical of the proposed class members, inadequate to fairly represent the proposed class and because his unique legal issue will undoubtedly predominate over the lawsuit.

Finally, Plaintiff's proposed class definitions should be stricken because they are an improper fail-safe. A court may not certify a "fail-safe class," which is a class that is "defined in terms of the legal injury." *In re Nexium Antitrust Litig.*, 777 F.3d 9, 22 (1st Cir. 2015); *see also Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011) (explaining "improper fail-safe class" exists where "[e]ither class members win or, by virtue of losing, they are not in the class, and, therefore, not bound by the judgment."). Furthermore, in a TCPA case, permitting a fail-safe class to proceed to discovery can result in a defendant being required to respond to discovery regarding every call it made during the class period on the grounds that each call could potentially be a TCPA violation, even though a class that broad could never be certified. *Medina v. Enhanced Recovery Co., Ltd. Liab. Co.*, No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651 (S.D. Fla. Nov. 9, 2017) (requiring a defendant who neglected to challenge a fail-safe class definition at the pleading stage to produce every record of consent for every dialer call it made during the class period and every complaint made by any consumer). Plaintiff's proposed class definitions are simply a recitation of the elements of a TCPA claim regarding calls made to cellular

telephones. *See* Amended Complaint ¶ 32 [D.E. 12]. Accordingly, Plaintiff's proposed class definitions must be denied because they merely recite the elements of a cause of action under the guise of a class definition.

All three (3) deficiencies described above are sufficient grounds to strike Plaintiff's proposed class definitions and render them uncertifiable. Moreover, no set of facts will reasonably be able to remedy any of these deficiencies. Based on the Motion and this Reply, this Court should strike Plaintiff's insufficient class definitions and other class related allegations from the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(f) and 23.

### III.   CONCLUSION.

Plaintiff's counsel is trying his best to salvage a claim that should have never been made and to improperly certify a class. The Amended Complaint and the Opposition are facially insufficient due to a lack of factual support for the allegations set forth therein and Plaintiff's proposed class definitions are uncertifiable and cannot be cured.

WHEREFORE, Defendant, Pelican Investment Holdings Group, LLC d/b/a AAP, respectfully requests that the Court grant its Motion to Dismiss Plaintiff, Eli Reisman's First Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and its Motion to Strike the class action allegations contained therein under Federal Rules of Civil Procedure 12(f) and 23, and for such further relief as this Court finds proper and just.

Dated: September 3, 2021.

                Respectfully submitted,

                By: /s/ *Jason S. Weiss*
                    Jason S. Weiss
                    **WEISS LAW GROUP, P.A.**
                    5531 N. University Drive, Suite 103
                    Coral Springs, FL 33067
                    Phone: 954.573.2800
                    Fax: 954.573.2798
                    jason@jswlawyer.com
                    *Counsel for Pelican Investment Holdings Group, LLC d/b/a AAP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of September, 2021, a true and correct copy of the foregoing was filed through the Court's electronic filing system and will be sent electronically to the parties via the Court's electronic filing system.

                By: /s/ *Jason S. Weiss*
                    Jason S. Weiss