UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:21-cv-80889-RKA

ELI REISMAN and BRENDA ABSHEAR,
individually and on behalf of all others
similarly situated,                                                    **CLASS ACTION**

        *Plaintiffs*,                                                **JURY TRIAL DEMANDED**

vs.

PELICAN INVESTMENT HOLDINGS GROUP, LLC,
a Delaware Limited Liability Corporation,
d/b/a AAP,

        *Defendant*.
_____/

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Eli Reisman and Brenda Abshear (hereinafter "Plaintiffs"), bring this class action under Rule 23 of the Federal Rules of Civil Procedure against Pelican Investment Holdings Group, LLC d/b/a AAP ("AAP" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA"), and the regulations promulgated thereunder. In support, Plaintiffs allege as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant AAP in negligently or willfully contacting Plaintiffs on Plaintiffs' cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiffs' attorneys.

1

2. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded-voice calls to cell phone numbers and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. 64.1200(d).

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District, including Defendant's transmission of the unlawful and unwanted calls to Plaintiff.

5. The Court has personal jurisdiction over Defendant because it conducts business in this state, markets its services within this state, and has availed itself to the jurisdiction of the State of Florida by placing calls to Plaintiffs and Class Members in and from this state.

## PARTIES

6. Plaintiff Eli Reisman's domicile is in Edison, New Jersey.

7. Plaintiff Brenda Abshear's domicile is in Deerfield Beach, Florida.

8. Defendant, Pelican Investment Holdings Group, LLC d/b/a AAP is a Delaware Limited Liability Company, is citizen of the state of Delaware, listing its principal address at 1300 Old Congress Road, West Palm Beach, Florida 33409. Defendant is registered in the state of Florida.

---

[1] *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

9. Defendant holds itself out as "one of the nation's leaders in automotive warranties since 2013." (AAP website available at https://www.useaap.com/ , viewed on May 13, 2021).

10. Defendant promotes and markets its services by calling telephone users in violation of the TPCA.

11. Defendant, directly or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited calls that are the subject matter of this Complaint.

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiffs, and at all times mentioned herein were, a "person" as defined by 47 U.S.C. § 153 (39).

13. Defendant is a citizen of the State of Florida, and at all times mentioned herein was, a corporation and "persons," as defined by 47 U.S.C. § 153 (39).

14. At all times relevant Defendant conducted business in the State of Florida and in Palm Beach County, within this judicial district.

15. Defendant utilizes prerecorded telemarketing calls and text message calls to market and advertise Defendant's business and services.

**Eli Reisman**

16. Defendant has placed at least three calls to Plaintiff Reisman's cellular telephone number ending in "8097" (the "8097 Number"), including at least two calls using a prerecorded or artificial voice.

17. For example, on March 16, 2021, around 9:54 AM, Plaintiff received a call to the 8097 Number. The call included a recorded message stating that the Plaintiff's car warranty was

expiring and that Plaintiff should press a button on his telephone keypad to speak with someone. Plaintiff was transferred to a live person and then to a second live person who identified himself as "Jeffrey". This call lasted approximately 11 minutes and 31 seconds.

18. On April 20, 2021, Plaintiff Reisman received another call to the 8097 Number. This call also included a recorded message stating that Reisman's car warranty would soon expire and that Reisman should press a button to be connected with a live agent. Reisman was connected to a live agent who identified himself as "Thomas". Reisman clearly instructed Defendant on this call that he did not consent to receive any calls or texts. This call lasted approximately 9 minutes and 43 seconds.

19. On April 20, 2021, at 1:16 PM, Reisman received a text message on the 8097 Number. The text stated:

> "Thank you for becoming a part of the AAP Family click https://policy-hub.com/newwelcome.php?cid=18482568097 for your Policy Information. Reply stop to unsubcribe [sic]"

20. The telephone voice calls received by Plaintiff Reisman were the same in that each call started with a recorded message advertising Defendant's goods or services, and then, after several seconds pause, the call was transferred to a live person.

21. The calls were made to Reisman's 8097 Number, and within the time period that is relevant to this action.

22. At no time did Reisman provide his cellular number to Defendant through any medium, nor did Reisman consent to receive such unsolicited telemarketing prerecorded calls.

23. Reisman has never signed-up for, has never inquired about, and has never used, Defendant's services. Plaintiff has never had any form of business relationship with Defendant.

24. Reisman is the subscriber and sole user of the 8097 Number and is financially responsible for phone service to the 8097 Number, including the cellular costs and data usage incurred as a result of the unlawful calls made to Reisman by Defendant.

25. Additionally, Reisman registered the 8097 Number on the National Do Not Call Registry on approximately April 24, 2019.

26. The 8097 Number is a residential number used for personal purposes.

**Brenda Abshear**

27. Defendant has placed at least two calls to Plaintiff Brenda Abshear's cellular telephone number ending in "3060" (the "3060 Number"), including at least two calls using a prerecorded or artificial voice.

28. For example, on August 21, 2021, around 2:21 PM, Abshear received a call to the 3060 Number. The call included a recorded message stating that the Plaintiff's car warranty was expiring, and that Plaintiff should press a button on her telephone keypad to speak with someone. Abshear was transferred to a noisy call center, where a woman answered and asked for the make, model, and year of Plaintiff's vehicle. After Abshear gave her this information, she was told that the agent needed to place her on hold so she could check Abshear's records. Abshear was placed on hold for a moment and then the call disconnected. This call lasted approximately 3 minutes. At no time during this call did Plaintiff Abshear provide any consent for Defendants to place any telephone calls to her.

29. On August 25, 2021, Plaintiff received another call to the 3060 Number. This call also included a recorded message stating that Plaintiff's car warranty would soon expire and that Plaintiff should press a button to be connected with a live agent. Abshear was transferred again to a noisy call center, where a woman said that she was calling to speak to Plaintiff about her 2013

Toyota Yaris (the agent had the information that Plaintiff had given previously). The agent asked for the approximate odometer reading, which Plaintiff gave her. The agent placed Abshear on hold and the call was transferred to another live agent who identified himself as "Thomas". Plaintiff Abshear clearly instructed Defendant on this call that she did not consent to receive any calls or texts.  This call lasted approximately 19 minutes.

30. The telephone voice calls received by Abshear were the same in that each call started with a recorded message advertising Defendant's goods or services, and then, after several seconds pause, the call was transferred to a live person.

31. The calls were made to Plaintiff Abshear's 3060 Number, and within the time period that is relevant to this action.

32. At no time did Abshear provide her cellular number to Defendant through any medium, nor did she consent to receive such unsolicited telemarketing prerecorded calls.

33. At no time before August 21, 2021 did Plaintiff Abshear provide any consent to receive advertising telephone calls from Defendants.

34. Plaintiff Abshear is the subscriber and sole user of the 3060 Number and is financially responsible for phone service to the 3060 Number, including the cellular costs and data usage incurred as a result of the unlawful calls made to Plaintiff by Defendant.

35. Additionally, Plaintiff Abshear registered the 3060 Number on the National Do Not Call Registry on approximately November 6, 2014.

36. The 3060 Number is a residential number used for personal purposes.

37. The content of the calls made to Plaintiffs Reisman, Abshear and the Class Members show that they were for the purpose of solicitation and marketing, advertising, and

promoting Defendant's business and services to Plaintiffs as part of an overall telemarketing strategy.

38. These calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

39. Plaintiffs did not provide Defendant or its agents with any prior consent, including prior express written consent, to receive telemarketing or advertising calls utilizing a prerecorded or artificial voice from Defendant.

40. Defendant is and was aware that it is placing unsolicited robocalls to Plaintiffs and other consumers without their prior consent.

41. Defendant is also aware that it is violating the TCPA's DNC rules by placing solicitation calls to individuals that have listed their telephone numbers on the DNC Registry and have not inquired about Defendant's goods or services and have not had a business relationship with Defendant.

42. Plaintiffs were damaged by Defendant's calls. In addition to using Plaintiffs' residential cellular data, phone storage, and battery life, Plaintiffs' privacy was wrongfully invaded, and Plaintiffs have become understandably aggravated with having to deal with the frustration of repeated, unwanted calls and texts, forcing Plaintiffs to divert attention away from Plaintiffs' work and other activities. Not only did the receipt of the robocalls distract Plaintiffs away from Plaintiffs' personal activities, Plaintiffs were forced to spend time investigating the source of the calls and who sent them to him. *See Muransky v. Godiva Chocolatier, Inc.,* 905 F.3d 1200, 1211 (11th Cir. 2018). ("[T]ime wasting is an injury in fact".... "[A] small injury… is enough for standing purposes").

## CLASS ACTION ALLEGATIONS

43. Plaintiffs bring this class action under rules 23(a) and 23(b)(2) & (b)(3) of the Federal Rules of Civil Procedure on behalf of itself and of a similarly situated "Class" or "Class Members" defined as:

> **Prerecorded Class:** All persons within the United States who, within the four years prior to the filing of this Complaint: (1) Defendant, or anyone on Defendant's behalf, (2) placed a call using an artificial or prerecorded voice, (3) to said person's cellular telephone number, (4) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services.
>
> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action: (1) were sent a phone call by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of advertising and/or promoting and/or soliciting Defendant's products and services.

44. Excluded from the Class are any Defendant, and any subsidiary or affiliate of that Defendant, and the directors, officers and employees of that Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

45. This action has been brought and may properly be maintained as a class action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiffs reserve the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

46. **Numerosity**: At this time, Plaintiffs do not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of a standardized SPAM campaign calls placed to cellular telephone numbers, Plaintiffs

believe, at a minimum, there are greater than forty (40) Class Members. Plaintiffs believe that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

47. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's calls and marketing records.

48. Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

49. **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiffs and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents called Plaintiffs and Class Members using a prerecorded message or artificial voice;

   b. How Defendant obtained the numbers of Plaintiffs and Class members;

   c. Whether Defendant engaged in telemarketing when it placed the calls which are the subject of this lawsuit;

d. Whether the calls made to Plaintiffs and Class Members violate the TCPA and its regulations;

e. Whether Defendant willfully or knowingly violated the TCPA or the rules prescribed under it;

f. Whether the calls made to Plaintiffs and Class Members violate the Do Not Class Registry rules and regulations;

g. Whether Plaintiffs and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;

h. Whether Plaintiffs and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct; and

i. Whether Plaintiffs and the Class are entitled to any other relief.

50. One or more questions or issues of law and/or fact regarding Defendant's liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

51. **Typicality**: Plaintiffs' claims are typical of the claims of the members of the Class. The claims of the Plaintiffs and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

52. Plaintiffs and members of the Class each received at least one telephone call containing a pre-recorded message or two or more calls within a twelve-month period to a DNC-registered number, advertising the Defendant's car warranty products, which Defendant placed or caused to be placed to Plaintiffs and the members of the Class.

53. **Adequacy of Representation:** Plaintiffs are an adequate representative of the Class because Plaintiffs' interests do not conflict with the interests of the members of the Class.

Plaintiffs will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiffs have retained counsel, who are competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

54. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiffs do not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

55. **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to Plaintiffs and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiffs and

Class Members as a whole. Plaintiffs seek injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted calls.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(b)**
**On Behalf of Plaintiff Eli Reisman and the Prerecorded Class**

56.     Plaintiff Eli Reisman incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 55 of this Complaint as though fully stated herein.

57.     It is a violation of the TCPA to "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using […] an artificial or prerecorded voice to any telephone number assigned to a [] cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii).

58.     Further, it is a violation of the TCPA "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior consent of the called party, unless the call is initiated for emergency purposes. . . ." 47 U.S.C. 227(b)(1)(B).

59.     Defendant – or third parties directed by Defendant – used an artificial or prerecorded voice to deliver messages to Plaintiff and other Class Members without their prior consent.

60.     These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call any of these cellular phones.

61. Defendant has, therefore, violated Sec. 227(b)(2) of the TCPA by initiating telephone class while using an artificial or prerecorded voice to deliver non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

62. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

63. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

64. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

65. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that its conduct was a violation of the TCPA.

66. Because Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3)(C) of the TCPA.

67. Likewise, since Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive calls using artificial or prerecorded voice, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3) of the TCPA.

68. As a result of Defendant knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

69. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff Eli Reisman and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

### COUNT II
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b)
### On Behalf of Plaintiff Brenda Abshear and the Prerecorded Class

70. Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 55 of this Complaint as though fully stated herein.

71. It is a violation of the TCPA to "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using […] an artificial or prerecorded voice to any telephone number assigned to a [] cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii).

72. Further, it is a violation of the TCPA "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior consent of the called party, unless the call is initiated for emergency purposes. . . ." 47 U.S.C. 227(b)(1)(B).

73. Defendant – or third parties directed by Defendant – used an artificial or prerecorded voice to deliver messages to Plaintiff and other Class Members without their prior consent.

74. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call any of these cellular phones.

75. Defendant has, therefore, violated Sec. 227(b)(2) of the TCPA by initiating telephone class while using an artificial or prerecorded voice to deliver non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

76. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

77. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

78. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

79. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that its conduct was a violation of the TCPA.

80. Because Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3)(C) of the TCPA.

81. Likewise, since Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive calls using artificial or prerecorded voice,

the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3) of the TCPA.

82. As a result of Defendant knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

83. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff Brenda Abshear and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

**COUNT III**
**VIOLATION OF THE TCPA**
**47 U.S.C. § 227**
**On Behalf of Plaintiffs and the Do Not Call Registry Class**

84. Plaintiffs incorporate by reference all of the allegations contained in all of the above paragraphs 1 through 55 of this Complaint as though fully stated herein.

85. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

86. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." [2]

---

[2]. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

87. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

88. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

89. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiffs and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

90. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiffs and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiffs and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

91. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

WHEREFORE, Plaintiffs respectfully request the Court grant Plaintiffs and the Class relief against Defendant, individually and jointly, as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in Plaintiffs' favor and in favor of the class, against Defendant for:

a. An order certifying this case as a class action, certifying Plaintiffs as representative of the Class, and designating Plaintiffs' attorneys Class counsel;

b. Statutory damages of $500 per call in violation of the TCPA;

c. Willful damages at $1,500 per call in violation of the TCPA;

d. Statutory damages of $500 per call in violation of the Do Not Call Registry;

e. Willful damages of $1,500 per call in violation of the Do Not Call Registry;

f. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

g. An injunction prohibiting Defendant's from using an automatic telephone dialing system to call numbers assigned to cellular telephones without the prior express written consent of the called party;

h. Reasonable attorney's fees and costs; and

i. Such further and other relief as this Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

Dated: September 27, 2021  Respectfully submitted,

*/s/ Seth M. Lehrman*
Seth M. Lehrman (FBN 132896)
E-mail: seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

Ignacio J. Hiraldo (FBN 56031)
E-mail: ijhiraldo@ijhlaw.com
IJH LAW
1200 Brickell Ave Suite 1950
Miami, FL 33131
Telephone: 786-496-4469

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 27th day of September 2021, and that a notice of the electronic filing will be transmitted to counsel of record.

*/s/ Seth M. Lehrman*
Seth M. Lehrman

## SERVICE LIST

Jason S. Weiss (FBN 356890)
E-mail: jason@jswlawyer.com
WEISS LAW GROUP, P.A.
5531 N. University Drive, Suite 103
Coral Springs, FL 33067
Telephone: 954-573-2800
Facsimile: 954-573-2798

*Counsel for Pelican Investment Holdings Group, LLC d/b/a AAP*