UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-80889-RKA

ELI REISMAN and BRENDA ABSHEAR,
individually and on behalf of others similarly
situated,

    Plaintiff,

v.

PELICAN INVESTMENT HOLDINGS GROUP, LLC,
a Delaware Limited Liability Corporation d/b/a AAP,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
PELICAN INVESTMENT HOLDINGS GROUP, LLC, D/B/A AAP'S
MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT,
MOTION TO STRIKE CLASS ACTION ALLEGATIONS, AND ALTERNATIVE
<u>MOTION FOR LIMITED DISCOVERY AND EVIDENTIARY HEARING</u>**

Plaintiffs Eli Reisman and Brenda Abshear, through counsel, hereby oppose Defendant Pelican Investment Holdings Group, LLC, d/b/a AAP's ("AAP") Motion to Dismiss Second Amended Class Action Complaint, Motion to Strike Class Action Allegations, and Motion for Limited Discovery and Evidentiary Hearing, [D.E. 37].

**I.    INTRODUCTION**

Plaintiffs Eli Reisman and Brenda Abshear have alleged that Defendant AAP violated the Telephone Consumer Protection Act, 47 U.S.C. Sec. 227 ("TCPA"), directly or through other persons acting on its behalf, by placing telemarketing calls that used a prerecorded and artificial voice, and by placing solicitation calls in violation of the Do Not Call regulations. *See* Second Amended Complaint Par. 16-19; 27-29 [D.E. 12].

1

## II. MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

"The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545).

On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Unsupported factual allegations and legal conclusions, however, receive no such deference. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations."). A complaint's "well-pled allegations must 'nudge the claims across the line from conceivable to plausible.'" *Hays v. Page Perry, LLC*, 627 F. App'x 892, 896 (11th Cir. 2015) (cleaned up) (quoting *Twombly*, 550 U.S. at 555, 570).

### A. Plaintiffs have adequately pled causes of action for which relief can be granted.

Plaintiffs have made "[a] plausible claim for relief . . . [that includes] factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Shamblin v. Obama For Am.*, No. 8:13-CV-2428-T-33TBM, 2014 WL 631931, at *1 (M.D. Fla. Feb. 18, 2014). As described below, Plaintiffs have pled the particulars of the subject telephone calls that they received, including allegations regarding the date, duration, and content of the telephone calls that they received from Defendant AAP. 2nd Amnd. Compl., [D.E. 12] Par. 19-20; 27-30. In addition, Plaintiffs have alleged AAP's role in each of these calls. *Id*.

Defendant holds itself out as "one of the nation's leaders in automotive warranties since 2013." (AAP website available at https://www.useaap.com/, viewed on May 13, 2021). 2nd Amnd. Compl. at ¶ 9. Defendant utilizes prerecorded telemarketing calls and text message calls to market and advertise Defendant's business and services. *Id.* at ¶ 9. Plaintiff Reisman has alleged that he received two prerecorded voice calls from AAP on March 16 and April 20, 2021 respectively. *Id*., Par. 17-18. Plaintiff Reisman has alleged that both voice calls included identical pre-recorded messages stating that Plaintiff's car warranty would soon expire and promoting AAP's goods and services, that both calls resulted in him being connected with a live agent, that both calls identified AAP as the calling party, and that the calls lasted 11 minutes and 31 seconds and 9 minutes and 43 seconds respectively. *Id.*. Plaintiff Reisman has clearly alleged that each of the two voice calls that he received resulted in him being connected with a live agent of AAP. *Id*. In addition, Plaintiff

3

Reisman has alleged that either AAP directly placed the calls or that the calls were placed on its behalf by its agents. *Id.*, Par. 11; 16; 20. Plaintiff Reisman alleged that the third call that he received was a text message welcoming him to the "AAP Family" and providing a link to an AAP website. *Id*. at ¶ 19.

Plaintiff Abshear has alleged that she received two prerecorded voice calls from AAP on August 21, 2021 and August 25, 2021 respectively. *Id*., Par. 27-28. Plaintiff Abshear has alleged that both prerecorded calls included pre-recorded messages stating that Plaintiff's car warranty would soon expire and promoting AAP's goods and services, that both calls resulted in her being connected with a live agent, that both calls identified AAP as the calling party, and that the calls lasted approximately 3 minutes and 19 minutes respectively. *Id.* Plaintiff Abshear has clearly alleged that each of the two voice calls that she received resulted in her being connected with a live agent of AAP. *Id*. In addition, Plaintiff Abshear has alleged that either AAP directly placed the calls or that the calls were placed on its behalf by its agents. *Id.*, Par. 11; 27; 30.

AAP seeks dismissal of the Amended Complaint under Rule 12(b)(6); however, it does not discuss the elements for pleading a TCPA claim. The Amended Complaint reflects that Plaintiff has adequately pled Defendant's violations of the TCPA by supporting with factual allegations the elements of 47 U.S.C. 227(b)(1)(A) and 227(c)(5).

Defendant argues that Plaintiff failed to allege the "origination" of the subject telephone calls and that consequently AAP does not know how to defend itself in this litigation. This is disingenuous. Plaintiff Amended Complaint is simple: it clearly alleges, alternatively, that AAP directly placed calls to Plaintiffs' telephones in violation of the TCPA or that a third party did on its behalf. The Second Amended Complaint alleges, *inter alia*, the following:

- "Defendant promotes and markets its services by calling telephone users in violation of the TPCA." 2nd Amnd. Compl. at ¶ 10.

- "Defendant, directly or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited calls that are the subject matter of this Complaint." *Id.* at ¶ 5.

- "Defendant – or third parties directed by Defendant – used an artificial or prerecorded voice to deliver messages to Plaintiff and other Class Members without their prior consent." *Id.* at ¶ 59.

- "Defendant has placed at least three calls to Plaintiff's cellular telephone number ending in '8097' (the '8097 Number'), including at least two calls using a prerecorded or artificial voice." *Id.* at ¶ 16.

- "The telephone voice calls received by Plaintiff were the same in that each call started with a recorded message advertising Defendant's goods or services, and then, after several seconds pause, the call was transferred to a live person." *Id.* at ¶ 20.

- "On April 20, 2021, at 1:16 PM, Plaintiff received a text message on the 8097 Number. The text stated: 'Thank you for becoming a part of the AAP Family click https://policyhub.com/newwelcome.php?cid=18482568097 for your Policy Information. Reply stop to unsubcribe [sic]'" *Id.* at ¶ 19.

- Defendant has placed at least two calls to Plaintiff Brenda Abshear's cellular telephone number ending in "3060" (the "3060 Number"), including at least two calls using a prerecorded or artificial voice. *Id.* at ¶ 27.

- The telephone voice calls received by Abshear were the same in that each call started with a recorded message advertising Defendant's goods or services, and then, after several seconds pause, the call was transferred to a live person. *Id.* at ¶ 30.

- For example, on August 21, 2021, around 2:21 PM, Abshear received a call to the 3060 Number. The call included a recorded message stating that the Plaintiff's car warranty was expiring, and that Plaintiff should press a button on her telephone keypad to speak with someone. Abshear was transferred to a noisy call center, where a woman answered and asked for the make, model, and year of Plaintiff's vehicle. After Abshear gave her this information, she was told that the agent needed to place her on hold so she could check Abshear's records. Abshear was placed on hold for a moment and then the call disconnected. This call lasted approximately 3 minutes. At no time during this call did Plaintiff Abshear provide any consent for Defendants to place any telephone calls to her. *Id.* at ¶ 28.

- On August 25, 2021, Plaintiff received another call to the 3060 Number. This call also included a recorded message stating that Plaintiff's car warranty would soon

>expire and that Plaintiff should press a button to be connected with a live agent. Abshear was transferred again to a noisy call center, where a woman said that she was calling to speak to Plaintiff about her 2013 Toyota Yaris (the agent had the information that Plaintiff had given previously). The agent asked for the approximate odometer reading, which Plaintiff gave her. The agent placed Abshear on hold and the call was transferred to another live agent who identified himself as "Thomas". Plaintiff Abshear clearly instructed Defendant on this call that she did not consent to receive any calls or texts. This call lasted approximately 19 minutes. *Id.* at ¶ 29.

*See also id.* at ¶¶ 9-11; 15. Thus, Plaintiff's factual allegations addressing the who, what, and when of the calls that they received are sufficient to allow the court to draw the reasonable inference that AAP is liable for the misconduct alleged. *See Shamblin*, at *1. Therefore, the Amended Complaint satisfies Rule 12(b)(6) and Defendant's Motion must be denied.

Further, AAP claims that Plaintiff Reisman consented to receive the subject calls. *See* Mot. at pg. 2 ("the overarching issue clouding Reisman's claims is that he provided his express consent under a false identity to bring this action under false pretenses.")[1]. It is unclear how Defendant can claim, on one hand, to have consent for the calls but then also claim, on the other, that the Second Amended Complaint doesn't adequately allege its involvement in the calls. Given this consent defense, either Defendant placed the subject calls or its vendor placed the calls on its behalf; and Plaintiffs' Second Amended Complaint adequately alleges both scenarios as allowed by Fed. R. Civ. P. 8(d). *See Ford v. Ushealth Grp., Inc.*, No. 3:19-cv-01091, 2020 U.S. Dist. LEXIS 63040, at *17 (M.D. Pa. Apr. 10, 2020) ("Given that Ford has pled direct liability under the TCPA, this Court does not need to address whether Ford has sufficiently alleged USHG's vicarious liability for the unsolicited communications at issue.") (citing Fed. R. Civ. P. 8(d) (when a party makes alternative statements of a claim, "the pleading is sufficient if any one of them is sufficient")); *see also Kline v. United N. Mortg. Bankers Ltd.,* No. 4:18-CV-00489, 2018 U.S. Dist. LEXIS 157816,

---

[1] Defendant's allegations of false pretenses and consent are inaccurate and not relevant to a motion to dismiss.

at *4 (M.D. Pa. Sep. 17, 2018) ("In addition to the direct liability allegations above, Mr. Kline has alternatively alleged that the May 19, 2017 call was made by a "third part[y] directed by" United Northern."). Indeed, unless Plaintiffs somehow had access to Defendant's internal documents, it would be impossible for Plaintiffs to know the exact entities involved in the calls placed advertising Defendant's products, goods, and services.

Additionally, Defendant has failed to identify any such vendor or third-parties in its initial disclosures as having placed the calls or even having knowledge of the subject calls, but has identified that it has information related to the calls.  *See* Defendant's Initial Disclosures, attached as **<u>Exhibit A</u>** (failing to identify any non-parties, and identifying Defendant's corporate representative as having, among others, "[i]nformation and documents related to the alleged phone call and accounts"). Accordingly, to the extent Defendant did not directly place the calls, Defendant should identify any such third-parties who placed the subject calls or whom have knowledge of the subject calls and the Court should, respectfully, allow Plaintiff to amend their complaint.

## III.     THE ALTERNATIVE MOTION TO STRIKE CLASS ALLEGATIONS SHOULD BE DENIED.

Defendant's request that the Court strike class allegations under Rules 12(f) and 23 is a premature attempt to oppose class certification that is procedurally unsound.  Defendant tempts the Court to take this action, yet fails to acknowledge that the Eleventh Circuit takes a dim view of efforts to strike class allegations at the pleadings stage, especially prior to relevant discovery, and has reversed district court decisions that did so. See e.g., *Herrera v. JFK Med. Ctr. Ltd. P'ship*, 648 F. App'x 930, 934 (11th Cir. 2016) ("the district court abused its discretion by finding that class-action treatment was inappropriate based solely on the pleadings."); *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1310 (2008) (holding that the district court's decision "at the complaint stage

7

was speculative at best and premature at least."). "Precedent [therefore] counsels that the parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified." *Mills*, at 1309.

"The issue of [w]hether Plaintiff's claim deserves class treatment is a fact-dependent inquiry unsuitable for a motion to dismiss or strike." *Shamblin v. Obama For Am.*, No. 8:13-CV-2428-T-33TBM, 2014 WL 631931, at *2 (M.D. Fla. Feb. 18, 2014). Courts in the 11th Circuit have repeatedly found it improper to strike class allegations in TCPA cases at the pleading stage. *See e.g., Shamblin,* at *6-7 (collecting cases).[2] Defendant further fails to note that the Eleventh Circuit recently "limit[ed] ascertainability to its traditional scope: a proposed class is ascertainable if it is adequately defined such that its membership is capable of determination", *Cherry v. Dometic Corp.*, 986 F.3d 1296, 1304 (11th Cir. 2021), and cites to outdated cases that relied on a heightened ascertainability requirement to strike classes. *See also* Mot. at pg. 7.

Defendant contends that there are various defects with the class definitions proposed in the Amended Complaint which require striking the class allegations under Rules 12(f) and 23.

---

[2] The *Shamblin* court collected the following cases supporting this premise. *See Chaney v. Crystal Beach Capital, LLC*, No. 8:10–cv–1056–T–30TGW, 2011 WL 17639, at *2 (M.D.Fla. Jan. 4, 2011) ("The question of class certification is generally not addressed on a motion to dismiss."); *Romano v. Motorola, Inc.*, No. 07–cv–60517, 2007 WL 4199781, at *3 (S.D.Fla. Nov. 26, 2007) ("To dismiss Plaintiff's class allegation before discovery would be an acknowledgment by this court that class certification is impossible, an assertion that this Court is not inclined to make."); *Oginski v. Paragon Properties of Costa Rica, LLC*, No. 10–cv–21720, 2011 WL 3489541, at *3 (S.D.Fla. Aug. 9, 2011) ("The Court finds that Defendants' arguments for dismissal based on insufficient class action allegations should be rejected.... Defendants' arguments related to Plaintiff['s] class allegations are better suited to an opposition to a motion for class certification, rather than as a basis for a motion to dismiss."); *Smith v. Rainey*, No. 8:09–cv–1628–T–27MAP, 2011 WL 4352179, at *3 (M.D.Fla. Sept. 16, 2011) ("With respect to the sufficiency of Plaintiffs' class action allegations, the Court agrees with Plaintiffs that compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim.").

Defendant reasons that the proposed class definitions should be stricken because (a) they are overbroad; (b) common questions do not predominate; and (c) they are "fail-safe classes".[3] Yet, Defendant fails to cite a single decision from a court in the 11th Circuit striking class allegations at the dismissal stage in a TCPA action on the grounds that it raises.

First, the argument to strike an impermissible fail-safe class is more appropriately raised at the class-certification stage. *Eisenband v. Schumacher Auto., Inc.*, No. 18-CV-80911, 2018 WL 7820549, at *3 (S.D. Fla. Oct. 23, 2018); *Tillman v. Ally Fin. Inc.*, No. 2:16-CV-313, 2016 WL 6996113, at *5 (M.D. Fla. Nov. 30, 2016); *See Mohamed v. Off Lease Only, Inc.*, No. 15-23352-CIV, 2017 WL 1080342, at *4 (S.D. Fla. Mar. 22, 2017) (Court deferred assessment of R. 23 issues until class certification.). Even if the class definitions were fail-safe, the proper remedy would not be to strike the class allegations with prejudice. "The fail-safe problem is more of an art than a science … and often should be solved by refining the class definition rather than flatly denying class certification on that basis." *Alhassid v. Bank of Am.*, N.A., 307 F.R.D. 684, 694 (S.D. Fla. 2015) ("The court may revise or permit the plaintiff to cure the flawed definitions.").

Second, Defendant's argument that the class is overbroad—which is directly contrary to Defendant's argument that the classes are fail safe—fails to recognize that issues of consent are an affirmative defense for which Defendant bears the burden. *Wijesinha v. S. Fla. MGS, LLC*, 387 F. Supp. 3d 1412, 1415 (S.D. Fla. 2019) ("However, the existence of prior express consent is not an element of a prima facie case, but rather an affirmative defense for which the defendant bears the burden of proof.").

---

[3] Defendant claims that Plaintiff's classes are overbroad, but with the next breath faults Plaintiff's classes as being fail-safe. In other words, no matter how Plaintiff defines their class, Defendant believes they should be stricken.

Finally, Defendant cites to a number of decisions reached at class certification to argue that Plaintiff Reisman's purported consent leads to predominance issues. As the cases cited by Defendant demonstrate, this issue is appropriately raised at a later point once discovery has taken place; not at the motion to dismiss stage based on Defendant's unsupported claims regarding consent.

As a result, Defendant's request to strike class allegations at the dismissal stage, before any discovery or the filing of a motion for class certification is premature. *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.*, 955 F. Supp. 2d 1311, 1352 (S.D. Fla. 2013) ("Because Plaintiffs have not yet filed a motion for class certification, the Court will not make a determination regarding class certification at this time, and the Court denies Defendant's motion to strike the class and subclass allegations in Plaintiffs' amended complaints.").

## IV. THE ALTERNATIVE REQUEST FOR LIMITED DISCOVERY AND EVIDENTIARY HEARING SHOULD BE DENIED

Finally, Defendant—without any explanation under what rule or standard it seeks its request—asks that the "Court allow limited Discovery in connection with the class certification issue of similarity of questions of law or fact common to the class claims typical of the claims of the class for the Named Plaintiffs." Mot. at pg. 18. Respectfully, the Court should reject this request.

First, Defendant's request appears most akin to a motion to bifurcate discovery, which courts in this circuit have rejected in TCPA class actions because of the complications they cause. *See Katz v. Gokul RX Ltd. Liab. Co.*, No. 8:19-cv-2210-T-35SPF, 2020 U.S. Dist. LEXIS 5957, at *4 (M.D. Fla. Jan. 14, 2020) (rejecting bifurcation in TCPA class action); *Breines v. Pro Custom Solar LLC*, No. 3:19-cv-353-J-39PDB, 2019 U.S. Dist. LEXIS 223945, at *10 (M.D. Fla. Aug. 22,

2019) (same). Here, Defendant provides no reason that bifurcation is warranted. As a practical matter, Defendant's request will not increase efficiency because it seeks class certification discovery first; however, discovery for class certification will touch on every aspect of this matter given the factors of predominance, numerosity, typicality, and commonality.

Second, the cases cited by Defendant go against its argument because they stand for the proposition that a decision on class certification should take place after fulsome discovery so that the Court can make an informed decision as to whether the standards are met. Indeed, in *Randy Rosenberg, D.C P.A. v. GEICO Gen. Ins. Co.,* cited by Defendant, *see* Mot. at pg. 18, the court rejected an attempt to dismiss class claims at the motion to dismiss stage, and stated: "Plaintiff is entitled to move for class certification, after having had the opportunity to fully develop the "shape and form" of the proposed class through the discovery process." No. 19-CV-61422, 2019 WL 6828150, at *6 (S.D. Fla. Dec. 13, 2019) (quoting *Martorella v. Deutsche Bank Nat'l Tr. Co.,* 931 F. Supp. 2d 1218, 1228 (S.D. Fla. 2013)).

Respectfully, the Court should deny Defendant's vague request and allow this case to proceed in the normal course.

## V.     CONCLUSION

Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss and Strike Class Allegations.

Dated: October 24, 2021　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Ignacio J. Hiraldo*
　　　　　　　　　　　　　　　　　　　　Ignacio J. Hiraldo (FBN 56031)
　　　　　　　　　　　　　　　　　　　　E-mail: ijhiraldo@ijhlaw.com
　　　　　　　　　　　　　　　　　　　　IJH LAW
　　　　　　　　　　　　　　　　　　　　1200 Brickell Ave Suite 1950
　　　　　　　　　　　　　　　　　　　　Miami, FL 33131
　　　　　　　　　　　　　　　　　　　　Telephone: 786-496-4469

Seth M. Lehrman (FBN 132896)
E-mail: seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

*Attorneys for Plaintiff*