UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:21-cv-80889-RKA

ELI REISMAN and BRENDA ABSHEAR, individually and on behalf of all others similarly situated,

*Plaintiffs*,

v.

PELICAN INVESTMENT HOLDINGS GROUP, LLC, a Delaware Limited Liability Corporation, d/b/a AAP,

*Defendant*.

**DEFENDANT, PELICAN INVESTMENT HOLDINGS GROUP, LLC, D/B/A AAP'S, REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS, ELI REISMAN AND BRENDA ABSHEAR'S, SECOND AMENDED CLASS ACTION COMPLAINT, MOTION TO STRIKE CLASS ACTION ALLEGATIONS AND ALTERNATIVE MOTION FOR LIMITED DISCOVERY AND EVIDENTIARY HEARING**

Defendant, Pelican Investment Holdings Group, LLC, d/b/a AAP ("Defendant"), by and through undersigned counsel, hereby submits this Reply in Support of its Motion to Dismiss Plaintiffs, Eli Reisman ("Reisman") and Brenda Abshear's ("Abshear") (collectively "Plaintiffs"), Second Amended Class Action Complaint ("Second Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"), Motion to Strike Class Action Allegations contained therein ("Motion to Strike") pursuant to Federal Rules of Civil Procedure 12(f) and 23 and Alternative Motion for Limited Discovery and Evidentiary Hearing ("Alternative Limited Discovery Motion"). In support thereof Defendant states as follows:

I. **INTRODUCTION.**

The Second Amended Complaint is Reisman's third attempt to state a cause of action, but the majority of the defects that plagued the first two attempts remain. In a failed attempt to sidestep

the initial fatal flaws of Reisman's claim, Reisman added Abshear as a second plaintiff. The Second Amended Complaint and the Opposition fail to allege any factual basis as to why Abshear should be joined as a party to this lawsuit. *See* Opp. generally [D.E. 38]; *see also* Second Amended Complaint generally [D.E. 36]. Reisman's attempt to cure the deficiencies in this case should not be rewarded by an attempt to substitute a differently situated plaintiff. Moreover, Plaintiffs' Response in Opposition to the Motion to Dismiss, Motion to Strike and Alternative Limited Discovery Motion ("Opposition" or "Opp."), fails to cure the substantive defects of the Second Amended Complaint and serves only to muddy the waters and attempt to conceal the pleading deficiencies contained therein. *See* Opp. generally [D.E. 38].

The Opposition makes arguments regarding minimum pleading standards, class certifications and other procedural matters. However, Plaintiffs' entire argument, like any other pleading, is contingent upon factual assertions that are necessary to establish a *prima facie* case. Ultimately, no set of facts will be able to remedy all of the fatal deficiencies contained within the Second Amended Complaint and there is zero basis for allowing this lawsuit to proceed.

Defendant's complete and thorough arguments are contained within the Motion to Dismiss, Motion to Strike and Alternative Limited Discovery Motion (collectively "Motions"). *See* Motions generally [D.E. 37]. As a matter of judicial efficiency and to comply with the Federal Rules of Procedure, the assertions contained within the Motions will not be restated herein. Defendant will only provide a brief summary of relevant issues supporting the Motions and address a few points of contention contained in the Opposition.

## II.   REPLY MEMORANDUM.

### A. MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).

Despite Plaintiffs' claim that, "Plaintiffs have adequately pled causes of action for which relief can be granted," *see* Opp. page 3 [D.E. 38], the sufficient factual assertions are simply not there. "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Id.* at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

Similar to the Second Amended Complaint, the Opposition is based solely upon conclusory and speculative allegations regarding Defendant and its purported involvement with the alleged callers. By Plaintiffs' own admission, "Defendant, directly or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, and/or otherwise caused all of the wrongful acts and omissions, including the decimation of the unsolicited calls that are the subject matter of this Complaint." *See* Opp. page 5 [D.E. 38] (*quoting* Second Amended Complaint ¶ 5 [D.E. 36]). Plaintiffs further allege "Defendant - or third parties directed by Defendant – used an artificial or prerecorded voice to deliver messages to Plaintiff and

all their class members without their prior consent." *See* Opp. page 5 [D.E. 38] (*quoting* Second Amended Complaint ¶ 5 [D.E. 36]).  Regardless of which "Plaintiff" that Plaintiffs are referring to, it is unclear if Plaintiffs are alleging direct or vicarious liability against Defendant.  Additionally, Plaintiffs fail to provide any factual basis for the aforementioned allegations that any of the alleged telephone calls were made by Defendant or came at the direction of Defendant.  *See* Opp. generally [D.E. 38].  More specifically, Reisman continues to make the illogical leap that all of the alleged calls must have been made on behalf of Defendant simply because he alleges that the last call was made on its behalf.  *See* Opp. pages 3 – 6 [D.E. 38].  Meanwhile, Abshear continues to merely provide conclusory statements regarding the alleged phone calls, but fails to establish any connection between herself and AAP.  *See* Opp. pages 4 – 6 [D.E. 38].

The Second Amended Complaint and the Opposition are both completely devoid of sufficient factual allegations to support imputing liability against Defendant.  *See* Opp. generally [D.E. 38]; *see also* Second Amended Complaint generally [D.E. 36].  "Factual allegations must be enough to raise a right to relief above the speculative level…" *Id.* at 555 (internal citation omitted).  Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the…law[] in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly, 550 U.S. at 557*).  Accordingly, the Second Amended Complaint and the Opposition fail to set forth the ultimate facts with sufficient clarity to allow Defendant to fully understand the specific actions against it, to provide an intelligent answer and to formulate a

proper defense. Therefore, the Second Amended Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### B. PLAINTIFFS' CONTENTIONS REGARDING DEFENDANT'S INITIAL DISCLOSURES ARE OUTSIDE OF THE SCOPE OF THE SECOND AMENDED COMPLAINT AND THE MOTIONS.

Plaintiffs request that this Court compel Defendant to provide additional Discovery information and attaches Defendant's Initial Disclosures to the Opposition. *See* Opp. page 7 and its attached Exhibit "A" [D.E. 38]. "On a motion to dismiss for failure to state a claim, the 'court is generally limited to reviewing what is within the four corners of the complaint.'" *Neurosurgical Consultants of S. Fla., LLC v. Cigna Health & Life Ins. Co.*, No. 20-81908-CIV, 2021 WL 1238386, at *1 (S.D. Fla. Mar. 3, 2021) (*quoting Hayes v. U.S. Bank Nat'l Ass'n,* 648 F. App'x 883, 887 (11th Cir. 2016); *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006)). An exception to this rule applies if an attached document is "referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Id.* (*quoting Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018)).

Any alleged concerns with Defendant's Initial Disclosures is clearly a discovery matter. Defendant's Initial Disclosures is not specifically referenced in the Second Amended Complaint (or the Motions) and clearly falls outside the scope of the four corners of the Second Amended Complaint. *See* Second Amended Complaint generally [D.E. 36]; *see also* Motions generally [D.E. 37]. Therefore, the Court must decline to consider Defendant's Initial Disclosures as a matter of law.

### C. MOTION TO STRIKE CLASS ALLEGATIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(F) AND 23.

Plaintiffs claim that "Defendant's allegations of false pretenses and consent are inaccurate and not relevant to a motion to dismiss." *See* Opp. page 6 footnote 1 [D.E. 38]. This statement is

5

nothing more than a red herring. First, the legal issue surrounding express consent under false pretenses is made within the Motion to Strike, not the Motion to Dismiss. *See* Motions generally [D.E. 37]. **Second, this Court has recently determined in situations (such as the instant matter) where a plaintiff engages in deceptive behavior, such as providing a false identification and/or posing as a customer in order to seek class certification over a TCPA claim, the plaintiff is an inadequate class representative and class certification should be denied. *Johansen v. Bluegreen Vacations Unlimited, Inc.*, No. 20-cv-81076-RS (S.D. Fla. Sept. 30, 2021) – [Doc 95] Order Denying Plaintiff's Motion for Class Certification.**

Plaintiffs then go on to improperly state "Defendant's request that the Court strike class allegations under Rules 12(f) and 23 is a premature attempt to oppose class certification that is procedurally unsound." *See* Opp. page 7 [D.E. 38]. To the contrary, this Court may strike Plaintiffs' request to certify the proposed classes solely on the basis of what is alleged in the Second Amended Complaint, and before Plaintiffs are permitted to complete discovery, on questions relevant to class certification. This may be done if this Court determines that it will be impossible to certify the proposed classes regardless of the facts that Plaintiffs may be able to prove. *Romano v. Motorola, Inc.*, No. 07-CIV-60517, 2007 WL 4199781, at *2 (S.D. Fla. Nov. 26, 2007). Moreover, "[t]he class action is an 'exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (*quoting Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979)).

Plaintiffs' proposed class definitions should be stricken because they are facially overbroad, and the proposed classes are uncertifiable. Specifically, Plaintiffs fail to exclude persons that: (1) consented to be called (i.e., provided "prior express invitation or permission"), (2) have an "established business relationship" with Defendant, or (3) did not use their phone for

"residential" purposes. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2), 64.1200(f)(5) & 64.1200(f)(14) (no DNC violation for calls made with the "prior express invitation or permission" of recipient or where recipient has an "established business relationship" with the caller); *see also Licari Family Chiropractic Inc. v. eClinical Works, LLC*, 2019 WL 7423551, at *3–5 (M.D. Fla. Sept. 16, 2019) (denying class certification in a Telephone Consumer Protection Act ("TCPA") case where the proposed class did not exclude individuals who solicited the fax in question and therefore had no claim).

Additionally, Reisman expressly consented and opted-in to being contacted at the number ending in 8097 under the false identification of Melvin Kahn, in order to bring this lawsuit.[1] This legal issue surrounding express consent under false pretenses is unique to Reisman and will undoubtedly become the primary focus of the litigation because it is a complete defense to Reisman's TCPA claims.[2] As such, Reisman is atypical of the proposed class members because his TCPA claims are based upon the validity of his expressly provided consent under the above described false pretenses. Not only is Reisman not a representative of the proposed class members and inadequate to fairly represent them, but the two Plaintiffs are not representative of one another

---

[1] Plaintiffs' counsel has been made aware of Reisman's misrepresentations and has been provided evidence by undersigned counsel as to same, via electronic verification and an audio recording thereof, prior to the filing of the Motions and this Reply to the Opposition.

[2] Persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary. As such, evidence that the call recipient had provided his or her cellular telephone number is sufficient to establish that the recipient gave prior express consent to be called. *See Lardner v. Diversified Consultants Inc.*, 17 F. Supp. 3d 1215, 1224 (S.D. Fla. 2014); *see also Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242 (11th Cir. 2014); *Johnson v. Credit Prot. Ass'n, L.P.,* No. 11–80604–CIV, 2012 WL 5875605, at *4 (S.D. Fla. Nov. 20, 2012) (cell phone number given to cable provider); *Cavero v. Franklin Collection Serv., Inc.,* No. 11–22630–CIV, 2012 WL 279448, at *3 (S.D. Fla. Jan. 31, 2012) (finding prior express consent where the original creditor provided affidavits and business records showing plaintiff provided his cell phone number).

because Reisman's unique legal issue does not apply to Abshear. Accordingly, class certification must be denied because Reisman is atypical of the proposed class members, inadequate to fairly represent the proposed class and because his unique legal issue will undoubtedly predominate over the lawsuit.

Finally, Plaintiffs' proposed class definitions should be stricken because they are an improper fail-safe. A court may not certify a "fail-safe class," which is a class that is "defined in terms of the legal injury." *In re Nexium Antitrust Litig.*, 777 F.3d 9, 22 (1st Cir. 2015); *see also Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011) (explaining "improper fail-safe class" exists where "[e]ither class members win or, by virtue of losing, they are not in the class, and, therefore, not bound by the judgment."). Furthermore, in a TCPA case, permitting a fail-safe class to proceed to discovery can result in a defendant being required to respond to discovery regarding every call it made during the class period on the grounds that each call could potentially be a TCPA violation, even though a class that broad could never be certified. *Medina v. Enhanced Recovery Co., Ltd. Liab. Co.*, No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651 (S.D. Fla. Nov. 9, 2017) (requiring a defendant who neglected to challenge a fail-safe class definition at the pleading stage to produce every record of consent for every dialer call it made during the class period and every complaint made by any consumer). Plaintiffs' proposed class definitions are simply a recitation of the elements of a TCPA claim regarding calls made to cellular telephones. *See* Second Amended Complaint ¶ 43 [D.E. 36]. Accordingly, Plaintiffs' proposed class definitions must be denied because they merely recite the elements of a cause of action under the guise of a class definition.

All of the deficiencies described above are sufficient grounds to strike Plaintiffs' proposed class definitions and render them uncertifiable. Moreover, no set of facts will reasonably remedy

any of these deficiencies. Therefore, this Court should strike Plaintiffs' insufficient class definitions and other class related allegations from the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(f) and 23.

### D. ALTERNATIVE MOTION FOR LIMITED DISCOVERY AND EVIDENTIARY HEARING.

By objecting to the Alternative Limited Discovery Motion, Plaintiffs are merely trying to conceal the fact that Reisman provided express consent under false pretenses, which renders the proposed classes uncertifiable as discussed above. Moreover, it is preposterous that Plaintiffs claim that Defendant asserts the Alternative Limited Discovery Motion "without any explanation under what rule or standard it seeks its request…." *See* Opp. page 10 [D.E. 38]. As established in the Alternative Limited Discovery Motion, *see* Motions page 18 [D.E. 37], the Court of Appeals for the Eleventh Circuit has explained that "although in some cases it may be 'possible to decide the propriety of class certification from the face of the complaint, the Supreme Court has emphasized that class certification is an evidentiary issue', and 'it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.'" *Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*, No. 19-CV-61422, 2019 WL 6828150, at *6 (S.D. Fla. Dec. 13, 2019) (*quoting Herrera v. JFK Med. Ctr. Ltd. P'ship*, 648 F. App'x 934 (11th Cir. 2016)); (*citing Comcast Corp. v. Behrend*, 569 U.S. at 33 (2013); *Mills v. Foremost Ins. Co.*, 511 F.3d 1309 (11th Cir. 2008)).

Rule 23 affords the court considerable discretion in determining whether to certify. *Reiter v. Sonotone Corp.,* 442 U.S. 330, 345 (1979); *see also Ritti v. U-Haul Int'l, Inc.*, No. CIV.A. 05-4182, 2006 WL 1117878, at *3 (E.D. Pa. Apr. 26, 2006). Accordingly, as an alternative to the Motion to Strike, Defendant should be granted an opportunity to conduct limited evidentiary discovery in connection with the narrow class certification issues of similarity and typicality, for

final determination by this Court. This alternative relief will provide insight to the Court on this dispositive issue, would not prejudice Plaintiffs, and would not substantially delay the resolution of this matter.

### III.    CONCLUSION.

Plaintiffs' counsel is trying his best to salvage a claim that should have never been made and to improperly certify a class. He has even gone so far as to attempt to add Abshear as a second plaintiff despite the fact that her claims are completely unique to that of Reisman. The Second Amended Complaint and the Opposition are facially insufficient due to a lack of factual support for the allegations set forth therein and Plaintiffs' proposed class definitions are uncertifiable and cannot be cured.

WHEREFORE, Defendant, Pelican Investment Holdings Group, LLC, d/b/a AAP, respectfully requests that this Court grant its Motion to Dismiss Plaintiffs, Eli Reisman and Brenda Abshear's, Second Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and its Motion to Strike Class Action Allegations contained therein under Federal Rules of Civil Procedure 12(f) and 23. In the alternative, Defendant, Pelican Investment Holdings Group, LLC, d/b/a AAP, respectfully requests that this Court grant its Alternative Motion for Limited Discovery and Evidentiary Hearing. Moreover, Defendant, Pelican Investment Holdings Group, LLC, d/b/a AAP, respectfully requests that this Court grant such further relief as it finds proper and just.

Dated: November 1, 2021  Respectfully submitted,

By: /s/ *Jason S. Weiss*
Jason S. Weiss
WEISS LAW GROUP, P.A.
5531 N. University Drive, Suite 103
Coral Springs, FL 33067
Phone: 954.573.2800
Fax: 954.573.2798
jason@jswlawyer.com
*Counsel for Defendant, Pelican Investment Holdings Group, LLC, d/b/a AAP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of November, 2021, a true and correct copy of the foregoing was filed through the Court's electronic filing system and will be automatically sent to the parties.

By: /s/ *Jason S. Weiss*
Jason S. Weiss